UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARY S.,<br><br>                Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                Defendant. | CASE NO. C22-0586-MAT<br><br>ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff appeals a final decision of the Commissioner of the Social Security Administration (Commissioner) denying Plaintiff's applications for disability benefits after a hearing before an administrative law judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1973.[1] Plaintiff has a limited education and does not have any past relevant work. AR 79. Plaintiff filed an application for Disability Insurance Benefits (DIB) on and an application for Supplemental Security Income (SSI) on June 13, 2013, alleging disability beginning January 1, 2007. AR 58. The applications were denied at the initial level and

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

on reconsideration. On September 22, 2015, the ALJ held a hearing and took testimony from Plaintiff and a vocational expert (VE). AR 94–142. On December 17, 2015, the ALJ issued a decision finding Plaintiff not disabled. AR 247–56. Plaintiff timely appealed. The Appeals Council vacated that decision on May 8, 2017, and remanded the matter for further administrative proceedings. AR 265–70.

Plaintiff failed to appear at a hearing before the ALJ scheduled for May 17, 2018, and, on May 25, 2018, the ALJ dismissed Plaintiff's request for a hearing. AR 274–75. Plaintiff appealed the dismissal. The Appeals Council vacated the order of dismissal on April 24, 2019, and remanded the case for the ALJ to offer Plaintiff the opportunity for a hearing. AR 276–79.

On June 23, 2021, the ALJ held a telephone hearing and took testimony from Plaintiff and a VE. AR 143–74. On August 9, 2021, the ALJ issued a decision finding Plaintiff not disabled. 58–81. The Appeals Council denied Plaintiff request for review on April 1, 2022, making the ALJ's decision the final decision of the Commissioner. AR 1–6. Plaintiff appeals this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings are supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). "Substantial evidence" means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's

decision, the Court must uphold the ALJ's decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

**DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. AR 61.

At step two, the ALJ found that Plaintiff has the following severe impairments: bipolar disorder; schizoaffective disorder; anxiety disorder; post-traumatic stress disorder (PTSD); and polysubstance abuse disorders. AR 61.

At step three, the ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. AR 62.

At step four, the ALJ found that Plaintiff has the residual functional capacity (RFC) to perform a full range of work at all exertional levels but with the following non-exertional limitations:

> She can understand, remember, and carry out simple instructions and exercise simple workplace judgment. She can perform work that is learned by on-the-job training, which may last beyond a short demonstration up to and including one month. She can respond appropriately to supervision and can have occasional interaction with coworkers but should not be required to work in close coordination with coworkers or in a teamwork setting. She can deal with occasional changes in the work environment and can perform work that requires no interaction with the general public to perform the work tasks. This does not preclude working in an environment where the public is present.

AR 65.

At step five, the ALJ found that Plaintiff retains the capacity to make an adjustment to work

ORDER
PAGE - 3

that exists in significant numbers in the national economy. With the assistance of a VE, the ALJ found Plaintiff capable of performing the requirements of representative occupations such as industrial cleaner, hand packager, and laundry laborer. AR 80.

Plaintiff raises the following issue on appeal: Whether the ALJ legally erred by failing to properly consider the medical opinion of Dr. John F. Robinson, Ph.D. Plaintiff requests remand for further administrative proceedings. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

**1. Medical Opinion Evidence**

The regulations applicable to Plaintiff's case require the ALJ to weigh medical opinions regardless of the source. 20 C.F.R. §§ 404.1527(c), 416.927(c). Under these regulations, the ALJ is required to give "controlling weight" to a treating physician's opinion if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [claimant's] case record."[2] *Id*. §§ 404.1527(c)(2), 416.927(c)(2). More weight should be given to the opinion of a treating doctor than to a non-treating doctor, and more weight should be given to the opinion of an examining doctor than to a non-examining doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Lester*, 81 F.3d at 830–31 (quoting

---

[2] In 2017, the Social Security Administration amended its regulations and removed the "controlling weight" requirement for all applications filed after March 27, 2017. *See* 20 C.F.R. §§ 404.1520c, 416.920c (2017). Because Plaintiff's claim was filed before March 27, 2017, the new rules are not applicable to Plaintiff's case.

ORDER
PAGE - 4

*Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). With these regulations and considerations in mind, the Court proceeds to its analysis of the medical evidence in this case.

Plaintiff argues that the ALJ failed to properly consider the medical opinion of Dr. John F. Robinson, Ph.D. On February 18, 2010, Dr. Robinson reviewed Plaintiff's medical records between January 2005 and September 2008. AR 1054, 1066. Dr. Robinson assessed Plaintiff with marked limitation in Plaintiff ability to interact appropriately with the general public and assessed moderate to no significant limitations in all other areas of mental activity. AR 1050–51. Dr. Robinson opined that Plaintiff "would have difficulty working with others, and could not manage direct public contact, but can muster basic polite interaction with a few familiar coworkers in setting where only simple and superficial exchanges are required." AR 1052. Dr. Robinson further opined that Plaintiff "would do better in an environment with minimal change due to her conditions." AR 1052.

Plaintiff argues that the ALJ erred by ignoring and failing to comment on Dr. Robinson's medical opinion. Dkt. 14, at 3. The Commissioner concedes that the ALJ erred by failing to discuss Dr. Robinson's opinion but argues that this error was harmless because the doctor's opinion was consistent with the RFC and does not conflict with the jobs identified at step five. Dkt. 15, at 2. An ALJ is required to "evaluate every medical opinion [they] receive." 20 C.F.R. §§ 404.1527(c), 416.927(c). However, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination" *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006)); *see also Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (an ALJ does not need to provide reasons for rejecting a medical opinion that does not identify any specific limitations or conflict with the RFC); *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) ("[T]he ALJ is not required to discuss evidence that is neither

ORDER
PAGE - 5

significant nor probative."); *Krampitz v. Saul*, 853 Fed. Appx. 99, 102 (9th Cir. 2021) (holding that the ALJ did not err by declining to discuss several medical opinions that neither identified ant specific functional limitations nor conflicted with the RFC).

Plaintiff argues that the ALJ's error was not harmless because the RFC fails to incorporate Dr. Robinson's opinion that Plaintiff can "muster basic polite interaction with a few familiar coworkers in settings where only simple and superficial exchanges are required."[3] Dkt. 14 at 4–5; AR 1052. Plaintiff argues that the RFC's limitation for "occasional interaction with coworkers" is inconsistent with Dr. Robinson's opinion because the Social Security Regulations define "occasional" as "occurring from very little up to one-third of the time." Dkt. 14, at 4 (quoting Social Security Rulings (SSR) 83-10, SSR 83-14, SSR 96-9p). "The ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). An RFC finding need not directly correspond to a specific medical opinion but may incorporate the opinions by assessing RFC limitations "entirely consistent" with, even if not identical to, limitations assessed by the physician. *See Turner*, 613 F.3d at 1223. Here, Dr. Robinson did not assess any specific durational limitations regarding Plaintiff's ability to interact with coworkers. The ALJ reasonably translated and incorporated the doctor's opinion in the RFC by limiting Plaintiff to only "occasional interaction" with coworkers and to work that does not require close coordination with coworkers or teamwork. Because the RFC is reasonably consistent with Dr. Robinson's assessment that Plaintiff can "muster basic polite interaction with a few familiar coworkers," the ALJ's failure to discuss the doctor's assessed limitations was harmless.

---

[3] Plaintiff concedes that the ALJ's failure to address Dr. Robinson's assessment of moderate and marked limitations in areas of mental activity is harmless because the ALJ's RFC "roughly corresponds to the same limitations opined here by the doctor." Dkt. 14, at 3–4.

ORDER
PAGE - 6

      Plaintiff argues in the Reply Brief that the RFC fails to accommodate Dr. Robinson's assessment that Plaintiff could only interact with "a few familiar coworkers in settings where only simple and superficial exchanges are required."[4] Dkt. 20, at 4; AR 1052. In addition to limiting Plaintiff to only "occasional interaction with coworkers," the RFC provides that Plaintiff "should not be required to work in close coordination with coworkers or in a teamwork setting." AR 65. These limitations are entirely consistent with Dr. Robinson's limitations and adequately incorporate the doctor's observation that Plaintiff "would have difficulty working with others." *See* AR 1052; *see also Turner*, 613 F.3d at 1223. Therefore, Plaintiff has not shown that the RFC is inconsistent with Dr. Robinson's assessment.

      Plaintiff next argues that the RFC fails to incorporate Dr. Robinson's opinion that Plaintiff "would do better in an environment with minimal change due to her conditions." Dkt. 14, at 5; AR 1052. Plaintiff argues that the RFC's limitation that Plaintiff "can deal with occasional changes in the work environment" is inconsistent with Dr. Robinson's opinion because "minimal" is defined as "the least possible." *Id.* at 5–6 (citing *Minimal*, Meriam-Webster.com Dictionary, https://www.merriam-webster.com/dictionary/minimal). Here, like above, Dr. Robinson did not assess any specific limitations regarding the amount of workplace changes that Plaintiff can handle. Although Dr. Robinson opined that Plaintiff "would do better in an environment with minimal change," the doctor did not assess that Plaintiff would be unable to work in an environmental with more than minimal change. Similarly, Dr. Robinson's notation that Plaintiff "does not do well with change or stress and would require clear, orderly, predictable work setting"

---

[4] Plaintiff further argues in the Reply Brief that the RFC fails to consider Dr. Robinson's opinion that Plaintiff's ability to interact with coworkers would be "preluded by an exacerbation of her 'underlying [psychological disorder] with [drug addiction and alcohol].'" Dkt. 20, at 4 (quoting AR 1052). However, a claimant is not entitled to disability benefits "if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C).

ORDER
PAGE - 7

does not suggest any greater limitation than already provided in the RFC. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) (an ALJ may decline to adopt the opinion of a physician "offered as a *recommendation*, not an imperative") (emphasis in original)). Therefore, the ALJ reasonably translated and incorporated the doctor's limitations in the RFC by limiting Plaintiff to only "occasional changes in the work environment." *See Turner*, 613 F.3d at 1223. Because the RFC is reasonably consistent with Dr. Robinson's opinion that Plaintiff "would do better in an environment with minimal change," the ALJ's failure to discuss the doctor's assessed limitations was harmless.

The Commissioner argues that the ALJ's error was further harmless because Dr. Robinson's opinion does not conflict with the jobs identified at step five. Dkt. 15, at 5–6. The ALJ found at step five that Plaintiff would be capable of performing the requirements of industrial cleaner, hand packager, and laundry laborer. AR 80. The Dictionary of Occupational Titles (DOT) describes all three jobs as "not significant" in dealing with people. *See* DOT 361.687-018 (laundry laborer); DOT 381.687-018 (cleaner, industrial); DOT 920.587-018 (packager, hand). Indeed, according to the DOT, none of the three jobs identified at step five require talking. Therefore, the ALJ's failure to discuss Dr. Robinson's opinion was harmless for the additional reason that the doctor's opinion does not conflict with the jobs identified at step five.

## **CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED.

DATED this 28th day of December, 2022.

MARY ALICE THEILER
United States Magistrate Judge

ORDER
PAGE - 8